UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH STEPHENS,

                       Petitioner,

          -against-

SUPT. MARK MILLER,

                       Respondent.

21-CV-4693 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition challenging his August 21, 2009 conviction in the New York Supreme Court, New York County. By order dated September 13, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP).[1]

The Court denies the petition because Petitioner is no longer "in custody" under the conviction in which he challenges, and the petition is time-barred.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117,

---

[1] Petitioner did not submit an IFP application when he originally filed his petition. In an order dated June 2, 2021, the Court directed Petitioner to submit an IFP application or pay the filing fee. On June 15, 2021, the Court received Petitioner's IFP application.

123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this action challenging his August 21, 2009 conviction, in which he pleaded guilty to criminal possession of a weapon, in violation of N.Y. Pen. L. § 265.03 (1)(b), and was sentenced to a determinate five-year sentence. Petitioner does not allege that he appealed his judgment of conviction, and publicly available records show that he did not.[2]

In November of last year, Petitioner filed a petition for a writ of error *coram nobis*, which was denied. (*See* ECF 1, at 4.) Petitioner does not state that he appealed the denial of this writ.

Publicly available records maintained by the New York State Department of Corrections and Community Supervision (DOCCS) show that DOCCS took custody of Petitioner on September 6, 2018, arising out of an Albany County conviction, in which Petitioner was sentenced to an indeterminate sentence of eight to ten years' incarceration.

---

[2] In the petition, Petitioner references an appellate proceeding that predated his judgment of conviction. (*See* ECF 1, at 3-4). Publicly available records confirm that Petitioner appealed a decision rendered by the Appellate Division, First Department, concerning a motion to suppress evidence. *See People v. Stephens*, 47 A.D.3d 586 (2008) (reversing decision granting motion to suppress and reinstating Petitioner's indictment), *leave to appeal denied*, 10 N.Y.3d 940 (2008).

## DISCUSSION

### A. "In Custody" Requirement

District courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted this provision as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

Where a petitioner suffers from substantial restraints not shared by the general public, *habeas corpus* relief is available. *See Maleng*, 490 U.S. at 491. Thus, defendants on supervised release may pursue relief in a *habeas corpus* motion. *See, e.g.*, *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'"). But "once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted).

Because Petitioner is no longer in custody under the August 21, 2009 conviction, which has expired, and is in custody under another conviction, he cannot challenge the validity of the 2009 conviction in this proceeding. *See Maleng*, 490 U.S. at 492.

### B. Statute of Limitations

Even if Petitioner were in custody under the 2009 conviction, the petition is time-barred. Petitioner had one year from the date his August 21, 2009 judgment became final to file this petition. *See* 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitation). His conviction

3

became final approximately 30 days after judgment on the conviction was entered; that is, when his time to file a notice of appeal expired. *See* N.Y. Crim. Proc. L. § 460.10(1). He placed this petition in the prison mail collection box on May 20, 2021, more than ten years after the judgment of conviction became final. The petition is therefore untimely.

      Petitioner's assertion that the petition is timely, based on his filing a postconviction motion last year, is without merit. Under the *habeas* statute, to toll the statute of limitations, any postconviction motion must be filed *before* the statute of limitations expires. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires do not restart the limitations period. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period. Thus, Petitioner's postconviction motion, which was filed after the statute of limitations expired, does not toll the limitations period, *see* 28 U.S.C. § 2244(d)(2), and the petition is time-barred.

## C.    Leave to File Declaration Denied

      Ordinarily, the Court would direct Petitioner to show cause why this petition should not be denied for the reasons set forth above. But because Petitioner cannot show cause, as he is no longer in custody under the challenged conviction and the time to challenge the conviction in this Court long expired, the Court declines to direct Petitioner to file such a declaration, as it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011) (District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.).

**CONCLUSION**

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied because Petitioner is no longer in custody under the challenged conviction and the petition is time-barred.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:    September 20, 2021
          New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge